UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONSERVATION CONGRESS,

        Plaintiff,

    v.

UNITED STATES FOREST SERVICE,

        Defendant.
_____/

NO. CIV. S-13-0832 LKK/DAD

O R D E R

Defendant has filed a Notice Regarding Fish and Wildlife Service Response.  ECF No. 31.  The court is unclear about the significance of this filing.

Defendant may be asserting that it has engaged in "consultation" with the U.S. Fish & Wildlife Service ("FWS"), inasmuch as it asserts that it sent FWS a "June 17 request for <u>consultation</u>," to which FWS responded on July 8.  <u>Id.</u>, at 2 (emphasis added).  On the other hand, defendant may have submitted the correspondence simply to complete the Administrative Record, and not to assert any substantive point.

////

1

1    If in fact defendant has "consulted" with FWS, it would appear
2 to be relevant to plaintiff's claim that defendant failed to
3 "consult" with FWS.[1]  However, the court notes that the June 17,
4 2013 letter that defendant relies upon states that it is requesting
5 "technical assistance" of FWS.  ECF No. 31-2 at 2.  The July 3,
6 2013 FWS letter in response states that defendant's letter "does
7 not specify what is being requested" of FWS.  ECF No. 31-2 at 8.
8 FWS goes on to distinguish between a request for "technical
9 assistance" and an informal "consultation."  It wrote:

> if you believe the Project may affect the northern spotted owl, it is up to the U.S. Forest Service ... to make such a determination and request concurrence from the Service [the FWS] through the informal <u>consultation</u> process.  <u>Alternatively</u>, if you are asking for <u>technical assistance</u> regarding the scientific soundness of your analysis, we would be happy to provide the assistance.

ECF No. 31-2 at 8 (emphasis added).  Defendant then clarified that
it was seeking "technical assistance."  ECF No. 31-2 at 9.  FWS's
July 8, 2013 response states that it is a response to defendant's
request for "technical assistance."  ECF No. 31-1 at 2.  Finally,
FWS's response concludes that defendant's determination "is
supported by the analysis provided," but does not indicate whether
or not it is giving its "concurrence" in defendant's "No effect"
determination.  ECF No. 31-1 at 2-3.

---

[1] The court is aware of defendant's position that this consultation is not relevant in any case because only the Endangered Species Act ("ESA") contains such a requirement, and there is no ESA claim here.  The court is also aware of plaintiff's position that consultation is relevant because NEPA requires an Environmental Impact Statement ("EIS") – which defendant did not prepare – if defendant's proposed project threatens a violation of the ESA (specifically, a violation of its consultation provision).

The court accordingly will direct defendant to file a brief advising on the significance of its recent filing.  In order to provide sufficient time for this additional briefing, the court will temporarily enjoin defendant from going forward with the proposed Project.

Accordingly:

1.   Defendant shall, within 15 days of this order, file a brief not exceeding 15 pages in length, advising the court whether or not, in its view, the Notice Regarding Fish and Wildlife Service Response (ECF No. 31, and Exhibits), is relevant to the issue of "consultation," and if so, explaining why its recently-submitted correspondence with FWS qualifies as consultation.  The brief should also explain the distinction, if any, between a "consultation" and "technical assistance."

2.   Plaintiff shall, within 15 days of the filing of defendant's brief, file a response not exceeding 15 pages in length;

3.   The court is aware that defendant has voluntarily agreed not to implement, prior to July 15, 2013, any of the ground disturbing activities authorized by the Project, and to provide 72 hours notice before any such activities commence.[2]  In light of the further briefing schedule, the court believes that further

---

[2] Defendant has now advised the court that it plans to go forward with a portion of the project on July 16, 2013 (ECF No. 33).  Plaintiff shall, no later than July 15, 2013 at 12 noon, advise the court whether or not it objects to the work proposed for July 16th.

3

voluntary forbearance would be appropriate.  However, if defendant does not voluntarily forbear prior to July 15, 2013,  the court **ORDERS** that defendant refrain from any of the ground disturbing activities authorized by the Project, until no earlier than thirty (30) days from the date of plaintiff's response.  If defendant voluntarily forbears for at least this period, this paragraph is **VACATED** with no further action required by either party.

IT IS SO ORDERED.

DATED:  July 12, 2013.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4