1

2

3

4

5

6

7                   UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  CONSERVATION CONGRESS,
                                    NO. CIV. S-13-0832 LKK/DAD
11          Plaintiff,

12      v.
                                      O R D E R
13  UNITED STATES FOREST
    SERVICE,
14
            Defendant.
15  _____/

16      Defendant  has  filed  a  Notice  Regarding  Fish  and  Wildlife

17  Service  Response.   ECF  No. 31.   The  court  is  unclear  about  the

18  significance of this filing.

19      Defendant   may   be   asserting   that   it   has   engaged   in

20  "consultation"  with  the  U.S.  Fish  &  Wildlife  Service  ("FWS"),

21  inasmuch  as  it  asserts  that  it  sent  FWS  a  "June 17 request for

22  consultation,"  to  which  FWS  responded  on  July 8.  Id., at  2

23  (emphasis added).  On the other hand, defendant may have submitted

24  the correspondence simply to complete the Administrative Record,

25  and not to assert any substantive point.

26  ////

                              1

1    If in fact defendant has "consulted" with FWS, it would appear

2  to be relevant to plaintiff's claim that defendant failed to

3  "consult" with FWS.[1]  However, the court notes that the June 17,

4  2013 letter that defendant relies upon states that it is requesting

5  "technical assistance" of FWS.  ECF No. 31-2 at 2.  The July 3,

6  2013 FWS letter in response states that defendant's letter "does

7  not specify what is being requested" of FWS.  ECF No. 31-2 at 8.

8  FWS goes on to distinguish between a request for "technical

9  assistance" and an informal "consultation."  It wrote:

> if you believe the Project may affect the northern
> spotted owl, it is up to the U.S. Forest Service ... to
> make such a determination and request concurrence from
> the Service [the FWS] through the informal <u>consultation</u>
> process.  <u>Alternatively</u>, if you are asking for <u>technical</u>
> <u>assistance</u> regarding the scientific soundness of your
> analysis, we would be happy to provide the assistance.

14  ECF No. 31-2 at 8 (emphasis added).  Defendant then clarified that

15  it was seeking "technical assistance."  ECF No. 31-2 at 9.  FWS's

16  July 8, 2013 response states that it is a response to defendant's

17  request for "technical assistance."  ECF No. 31-1 at 2.  Finally,

18  FWS's response concludes that defendant's determination "is

19  supported by the analysis provided," but does not indicate whether

20  or not it is giving its "concurrence" in defendant's "No effect"

21  determination.  ECF No. 31-1 at 2-3.

_____

[1] The court is aware of defendant's position that this
consultation is not relevant in any case because only the
Endangered Species Act ("ESA") contains such a requirement, and
there is no ESA claim here.  The court is also aware of plaintiff's
position that consultation is relevant because NEPA requires an
Environmental Impact Statement ("EIS") – which defendant did not
prepare – if defendant's proposed project threatens a violation of
the ESA (specifically, a violation of its consultation provision).

1    The court accordingly will direct defendant to file a brief
2 advising on the significance of its recent filing.  In order to
3 provide sufficient time for this additional briefing, the court
4 will temporarily enjoin defendant from going forward with the
5 proposed Project.

6    Accordingly:

7    1.  Defendant shall, within 15 days of this order, file a
8 brief not exceeding 15 pages in length, advising the court whether
9 or not, in its view, the Notice Regarding Fish and Wildlife Service
10 Response (ECF No. 31, and Exhibits), is relevant to the issue of
11 "consultation," and if so, explaining why its recently-submitted
12 correspondence with FWS qualifies as consultation.  The brief
13 should also explain the distinction, if any, between a
14 "consultation" and "technical assistance."

15    2.  Plaintiff shall, within 15 days of the filing of
16 defendant's brief, file a response not exceeding 15 pages in
17 length;

18    3.  The court is aware that defendant has voluntarily agreed
19 not to implement, prior to July 15, 2013, any of the ground
20 disturbing activities authorized by the Project, and to provide 72
21 hours notice before any such activities commence.[2]  In light of the
22 further briefing schedule, the court believes that further

23

24    [2] Defendant has now advised the court that it plans to go
   forward with a portion of the project on July 16, 2013 (ECF No.
25 33).  Plaintiff shall, no later than July 15, 2013 at 12 noon,
   advise the court whether or not it objects to the work proposed for
26 July 16th.

3

1   voluntary forbearance would be appropriate.  However, if defendant

2   does not voluntarily forbear prior to July 15, 2013,  the court

3   **ORDERS** that defendant refrain from any of the ground disturbing

4   activities authorized by the Project, until no earlier than thirty

5   (30) days from the date of plaintiff's response.  If defendant

6   voluntarily forbears for at least this period, this paragraph is

7   **VACATED** with no further action required by either party.

8         IT IS SO ORDERED.

9         DATED:  July 12, 2013.

10

11

12                         LAWRENCE K. KARLTON

                            SENIOR JUDGE

13                         UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26